# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROMAN HAACK, CODY CLAY, and RYAN BANTA, and all other employees similarly situated, known and unknown, <br>               Plaintiffs <br> vs. <br><br> PERSONNEL STAFFING GROUP, LLC, DANIEL S. BARNETT, individually, DAVID BARNETT, individually, NORTHERN ILLINOIS FENCE, dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE, and RAYMOND HOHE, individually <br><br>               Defendants. | Case No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs and all those similarly situated ROMAN HAACK, CODY CLAY, and RYAN BANTA, individually, and on behalf of other persons similarly situated, known and unknown (collectively "Plaintiffs and all those similarly situated,") by and through their attorneys, L. STEVEN PLATT and ROBBINS SALOMON & PATT, LTD, WILLIAM J. PROVENZANO and the law firm of WILLIAM J. PROVENZANO & ASSOCIATES, LTD., pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law ("IMWL") , Complaint against Defendants, PERSONNEL STAFFING GROUP, LLC, DANIEL S. BARNETT, individually, DAVID BARNETT, individually, NORTHERN ILLINOIS FENCE, dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE, and RAYMOND HOHE, individually, (collectively "Defendants"), and states as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the FLSA and the IMWL, for the Defendants' failure to pay overtime pay to the Plaintiffs and all those similarly situated, known and unknown for all time they

worked in excess of forty (40) hours in one or more individual workweeks.

2. Plaintiffs consent form to bring this case as a collective action for failure to pay overtime pay under the FLSA is attached hereto as Exhibits A-C.

3. As Plaintiffs bring this action both under the FLSA and the IMWL, they bring this action and seek to have this action certified as both a collective action under 29 U.S.C. §216(b) and as a class action under Rule 23 (a) and (b).

## THE PARTIES

4. Plaintiffs and all those similarly situated at all times relevant were employed in this jurisdictional district by the Defendants.

5. Defendants NORTHERN ILLINOIS FENCE and RAYMOND HOHE, through a series of subterfuges involving the other Defendants, moves employees around and attributes them as employees of COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, and U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE.

6. The mechanism that enables him to do this is that he runs his payroll through and treats his employees as employees of Defendant Personnel Staffing Inc. ("Personnel").

7. Defendant Personnel is located in and has its headquarters in Northbrook, IL.

8. Defendant Personnel is in law and in fact the alter-ego of and or the joint employer or single employing enterprise of the Plaintiffs and all others similarly situated to the Plaintiffs, known and unknown, with the other Defendants of the Plaintiffs with the other Defendants.

9. The Defendants collectively are in law and in fact a single or joint employer, and or alter-egos, and constitute a single employing enterprise with Personnel at its head.

10. In the prior three years, the Plaintiffs and all those similarly situated were employed by the Defendants as "employee[s]" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

11. Defendants were Plaintiffs' and all those similarly situated "employer" as that term is

defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

12. Defendant Personnel is an Illinois corporation with its principal place of business located at 1751 Lake Cook Road, Suite 600, Deerfield, IL 60015, within this judicial district.

13. The Defendants individually and or collectively are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14. During the course of their employment by Defendants, Plaintiffs and all those similarly situated handled goods that moved in interstate commerce.

15. Defendant, Daniel S. Barnett is the owner, managing members, controlling shareholders, controlling partners and the bosses of a web of corporate enterprises all related and inter-related to Personnel Staffing LLC, as follows:

    (a) Daniel S. Barnett is the owner, and managing member of Personnel Staffing LLC, through Sperling Management Group LLC which has direct ownership in Personnel Staffing

    (b) Associated Venture Group, LLC, owns and controls Sperling Management Group, LLC

    (c) Daniel S. Barnett has direct ownership interest in Sperling Management Group LLC

    (d) Daniel S. Barnett also owns and controls both Associated Venture Group LLC, which has direct ownership interest in Sperling Management Group LLC.

    (e) Daniel S. Barnett also has controlling interest in MVP Workforce LLC

    (f) Daniel S. Barnett also has controlling interest in Alliance HR, LLC

    (g) Daniel S. Barnett also has controlling interest in Alliance HR II, LLC

    (h) Daniel S. Barnet also has controlling interest in Titan HR Solutions, LLC

    (i) Daniel S. Barnett also has controlling interest in Allsource Personnel Group LLC

    (j) Daniel S. Barnett also has controlling interest in Adirhu LLC

    (k) Adirhu has ownership interest directly in Personnel Staffing LLC

16. David Barrett has ownership in Personnel Staffing LLC through the following:

(a) David Barrett has ownership interest in Dash Management Inc.

(b) He also has ownership in Alban LLC

(c) Alban LLC has direct ownership in Sperling Management LLC

(d) Sperling Management LLC has direct ownership in Personnel Staffing LLC.

17. Both Barnett's as owners of Personnel and as joint employers and alter-egos of NORTHERN ILLINOIS FENCE, dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE (here the "Fence Defendants"), were involved with the Fence Defendant and Defendant Raymond Hohe ("Hohe") and his staff and were involved in the day to day business operation of the Fence Defendants and, among other things, were involved in the hiring and firing decisions regarding employees, signed or directed payroll accounts regarding Fence Defendant employees, and helped make joint decisions in concert with the Fence Defendants regarding who was put on the Fence Defendants payroll who was taken off the Fence Defendants payroll, who was paid as an independent contractor, who to paid as "piecework" employees, they participated in decisions with the Fence Defendants regarding employee compensation and whether union fringe benefits were paid on the Fence Defendant employees.

18. Defendant Hohe is an owner and shareholder of the Fence Defendants.

19. Hohe is involved in the day to day business operation of the Fence Defendants and, among other things, he hires and fires employees, directs and supervises the work of employees, signs on the corporations' checking accounts, in concert with Defendant Personnel they make decisions together regarding who to put on the payroll who to take off the payroll on the Fence Defendant, who to pay as an independent contractor, who to pay as "piecework" employees of the Fence Defendants, signs contracts with the unions, resolves union audits, and participates in decisions regarding employee compensation and capital expenditures and whether to pay union benefits on employees at the Fence Defendants.

20. During the course of their employment by the Defendants, Plaintiffs and all those

similarly situated were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq*. or the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*.

21. They were, in fact, mostly if not all union employees covered by a collective bargaining agreement signed by the Fence Defendants and therefore by definition non-exempt.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over Plaintiffs and all those similarly situated FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs and all those similarly situated claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs and all those similarly situated state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiffs and all those similarly situated hereby re-allege and incorporates paragraphs 1 through 22, as if fully set forth herein.

23. This count arises from Defendants' violation of the FLSA, in failing to pay overtime wages to the Plaintiffs, all those similarly situated, and other hourly employees past and present for all time worked in excess of forty (40) hours in individual work weeks.

24. Pursuant to 29 U.S.C. § 207, Plaintiffs and all those similarly situated were entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25. In one or more individual work weeks, Plaintiffs and all those similarly situated worked in excess of forty (40) hours per week.

26. It was the Fence Defendants pattern to make the Plaintiffs and all those similarly situated install fences as union installers and then run their payroll through Defendant Personnel and pay them for "piece work," claiming that each fence installed was a "piece," regardless of how many hours they worked to install the fences.

27. This not only violated the union contract but also clearly violated both the FLSA and the IMWL as they routinely worked in excess of eight hour days to do the installations and in excess of 40 hours a week.

28. When Plaintiffs and all those similarly situated worked over forty (40) hours in one or more individual work weeks, Defendants failed to pay Plaintiffs and all those similarly situated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs and all those similarly situated were paid at a "piece work" rate and were paid a flat rate for each fence installation.

29. In one or more individual work weeks, all other non-exempt hourly employees who worked on fence installations employed by Defendants worked in excess of forty (40) hours per week as well and were similarly paid at piece work rates.

30. Pursuant to 29 U.S.C. § 207, other similarly situated hourly employees were entitled to be compensated proper hourly rates and when they worked overtime, a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

31. In one or more individual work weeks, Defendants did not compensate other nonexempt hourly employees at the proper minimum wage or when they routinely worked overtime, a rate of one and one-half times their regular hourly rate of pay for all work done.

32. At all times relevant, the Plaintiffs were union members and belonged to the Iron Workers Locals, 393 and 63.

33. Pursuant to collective bargaining the various Union Ironworkers locals where this work is done have agreed to reciprocate with eachother on fringe benefit funds and all pay into the Ironworkers Mid-America Pension and Welfare SMA Fund.

34. This fund takes contributions from Ironworkers Locals 1, 63, 111, 112, 136, 383, 393, 395, 444, and 495.

35. At all times relevant the named Plaintiffs herein and it is believe that most if not all of those similarly situated were union Ironworkers and were members of the Ironworkers union.

36. The union fringe benefit funds have conducted audits of the Fence Defendants and have verified amounts that the Fence Defendants have not paid in proper wages, but only have collected the fringe benefits due, not wages due.

37. Despite all of the Defendants knowing that they have collectively violated wage and hour rules and that they owe unpaid wages and overtime, they have not paid these amounts and have in fact continued to violate the law.

38. When Plaintiffs and all those similarly situated worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiffs and all those similarly situated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs and all those similarly situated were paid his straight-time regular rate of pay for all time worked.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiffs and all those similarly situated hereby re-allege and incorporates paragraphs 1 through 38, as if fully set forth herein.

39. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

40. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

41. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs and all those similarly situated were not paid proper minimum wages and worked in excess of forty (40) hours, Plaintiffs and all those similarly situated are entitled to be compensated at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

42. Pursuant to 820 ILCS 105/12(a), Plaintiffs and all those similarly situated are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs and all those similarly situated pray for a judgment against Defendants as follows:

A. A judgment under both the FLSA and the IMWL in the amount of the unpaid hourly wages due the Plaintiffs individually and all those similarly situated past and present, known and unknown at their regular rate of pay or at the union scale, whichever is higher

B. A judgment in favor of the Plaintiffs and all those similarly situated at one and one half times their regular hourly rate of pay for all time Plaintiffs and all those similarly situated worked in excess of forty (40) hours in individual work weeks;

C. Willfulness damages under the FLSA as determined by this court

D. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

E. Under the IMWL and State law penalty of 2% per month for each month Defendants have violated the IMWL;

F. Pre-judgment and post-judgment interest under federal law;

G. Reasonable attorneys' fees under both statutes;

H. Costs incurred in filing this action under the federal rules and federal costs statute; and

I. Such other and further relief as this Court deems appropriate and just.

**JURY TRIAL DEMANDED**

Plaintiffs demand trial by jury on all issues properly tried by jury.

Respectfully Submitted
ROMAN HAACK, CODY CLAY,
RYAN BANTA

/s/ L. Steven Platt

L. Steven Platt
ROBBINS, SALOMON & PATT, LTD
180 N. LaSalle, Suite 3300
Chicago IL 60601
(3120 4456-0285
lsplatt@rsplaw.com


Law Offices of William J. Provenzano & Associates, Ltd.
1580 S. Milwaukee Av., Suite 530
Libertyville, IL 60048
(847) 816-6588
wjprovenzano@ameritech.net