IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROMAN HAACK, CODY CLAY, and RYAN BANTA, and all other employees similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | Case No. 17-cv-02854 |
| PERSONNEL STAFFING GROUP, LLC, DANIEL S. BARNETT, individually, DAVID BARNETT, individually, NORTHERN ILLINOIS FENCE, dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE, and RAYMOND HOHE, individually | ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzman |
| Defendants. | ) | |

**DEFENDANTS PERSONNEL STAFFING GROUP, LLC,
DANIEL S. BARNETT, AND DAVID BARNETT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO RULE 12(b)(6)**

NOW COME Defendants, PERSONNEL STAFFING GROUP, LLC, DANIEL S. BARNETT, individually, and DAVID BARNETT, individually, by and through their undersigned counsel, and for their Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**Introduction**

Plaintiffs' Complaint attempts to assert liability on the part of Personnel Staffing Group, LLC ("PSG"), Daniel S. Barnett, individually, and David Barnett, individually, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., without asserting any specific facts as

1

to when the named Plaintiffs allegedly worked for Defendants; when the named Plaintiffs allegedly worked over 40 hours but were not paid; when unnamed "others" were not compensated at the proper minimum wage, or any facts supporting the claim that Defendants' alleged actions were willful. Plaintiffs' Complaint does not comply with the pleading standards set forth in Federal Rule of Civil Procedure 8(a) and as explained in *Twombly* and *Iqbal*. As a result, Plaintiffs' Complaint fails to state a claim against Defendants Personnel Staffing Group, LLC, Daniel S. Barnett, and David Barnett and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Statement of Facts

Defendant PSG is a company that provided payroll services to Defendants Northern Illinois Fence Company and Complete Fence. (Complaint (hereafter "Complaint") at ¶ 6). Defendant Daniel S. Barnett is alleged to be an "owner, managing member, controlling shareholder, controlling partner, and boss" of PSG. (Complaint at ¶ 15). Defendant David Barnett allegedly "has ownership in" PSG. (Complaint at ¶ 16). Plaintiffs allege they were employed by Defendants "at all times relevant" and in the "prior three years." (Complaint at ¶¶ 4, 10).

Plaintiffs claim that "in one or more individual work weeks, Plaintiffs and all those similarly situated worked in excess of forty (40) hours per week" and that they "routinely worked in excess of eight hour days to do the installations and in excess of 40 hours a week." (Complaint at ¶¶ 25, 27). Plaintiffs further allege that "Defendants failed to pay Plaintiffs and all those similarly situated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs and all those similarly situated were paid at a 'piece work' rate and were paid a flat rate for each fence installation." (Complaint at ¶28). Plaintiffs additionally allege that unidentified "other non-exempt hourly employees" were not compensated at the proper

minimum wage or when they routinely worked overtime, a rate of one and one-half times their regular hourly rate of pay for all work done." (Complaint at ¶31). Plaintiffs seek recovery for those alleged violations pursuant to the FLSA and the IMWL.

## Standard of Review

I. **Under Rule 12(b)(6), Plaintiffs must plead sufficient facts and cannot merely recite the elements of a claim.**

If the plaintiff fails to allege a claim that shows the plaintiff is entitled to relief, then Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for a motion to dismiss the pleading. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court assumes the truth of the complaint's factual allegations, though not its legal conclusions. *Hoffman v. RoadLink Workforce Sols., LLC*, No. 12 C 7323, 2014 WL 3808938, at *2 (N.D. Ill. Aug. 1, 2014), citing *Munson v. Gaetz,* 673 F.3d 630, 632 (7th Cir. 2012). The Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). Allegations that "merely recite[ ] the elements of a cause of action are insufficient to state a claim." *Zimmerman v. Paulsen*, 524 F. Supp. 2d 1077, 1080 (N.D. Ill. Nov. 19, 2007).

II. **Under Rule 8(a), Plaintiffs' allegations cannot be based on speculation and Plaintiffs are only entitled to reasonable inferences in their favor.**

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In pleading, a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [it] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

"While a complaint. . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (internal quotation marks omitted). However, "*Iqbal* makes clear that legal conclusions can provide the framework of a complaint so long as they are supported by factual allegations." *Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013) (internal quotation marks omitted). These details regarding the subject matter must be factual allegations, not conclusory allegations or "the-defendant-unlawfully-harmed-me accusation[s]."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not survive a motion to dismiss "simply because the defendants managed to figure out the basic factual or legal grounds for the claims." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

## ARGUMENT

**Plaintiffs have failed to state a claim under the FLSA and IMWL for failure to pay wages**.

Plaintiffs' Complaint is completely lacking in specificity. Plaintiffs have alleged absolutely nothing in the way of factual allegations that underpin the claims they are making. Plaintiffs' Complaint simply does not contain sufficient factual allegations to establish violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., or the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

To state an FLSA or IMWL claim, Plaintiffs each must set forth at least enough facts that demonstrate at least one workweek within the limitations period in which there was an overtime violation[1]. *See Hughes v. Scarlett's G.P., Inc*., No. 15-cv-5546, 2016 WL 4179153, at *3 (N.D.

---

[1] To the extent Plaintiffs are seeking to assert FLSA or IMWL claims for deductions more than 2 to 3 years before the filing of their Complaint, those claims are time barred. *See* 29 U.S.C. § 255(a); 820 ILCS 105/12.

Ill. Aug. 8, 2016); *Labriola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *4 (N.D. Ill. Mar. 22, 2016) ("The complaint must allege, at a minimum, the hours worked for which plaintiff seeks unpaid minimum wages, and what wages, if any, were paid."). *See also*, *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (allegation that "in some or all weeks" plaintiff "worked more than forty hours a week without being paid 1.5 times her rate of compensation...no more than rephras[es] the FLSA's formulation" and thereby fails to satisfy Rule 8); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (deeming insufficient the generalized allegation that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time"); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) ("Notably absent from the allegations in Landers's complaint...was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages").

Plaintiffs do not allege: (a) when the named Plaintiffs allegedly worked for Defendants; (b) when the named Plaintiffs allegedly worked over 40 hours but were not paid; (c) the rate of pay of the named Plaintiffs; (d) the amount of unpaid overtime wages due to the named Plaintiffs; (e) when unnamed "others" allegedly worked for Defendants and were not compensated at the proper minimum wage; or (f) any facts supporting the claim that Defendants' alleged actions were willful. Plaintiffs' Complaint is merely formulaic, without the factual detail necessary to raise their claims to a plausible level and, as a result, their Complaint must be dismissed.

In *Robertson v. Steamguard*, the court dismissed a complaint under the FLSA where the plaintiff alleged that he worked for the defendant "at some unspecified point" during the purported "relevant statutory periods." No. 11 C 8571, 2012 WL 1232090, at *1 (N.D. Ill. April 12, 2012). The plaintiff claimed that he "regularly worked more than 40 hours per week" but was not properly

5

paid for overtime. *Id*. In dismissing the complaint, the Court stated that the "factual allegations are exceptionally terse and do not enable the reader of the complaint to understand any of the factual underpinning of the claim. *Id*. The Court further stated that it could not even "ascertain when Mr. Robertson worked for Steamguard or if he is currently employed there." *Id*. As a result, the Court found that the plaintiff cited only a formulaic recitation of a claim under the FLSA and dismissed the complaint. *Id*. *See also Girolamo v. Cmty. Physical Therapy & Assocs., Ltd*., No. 15 C 2361, 2016 WL 2909649 (N.D. Ill. May 19, 2016) (dismissing FLSA wage claim because the plaintiff did not include any allegation regarding when or how often… she worked overtime or failed to receive appropriate compensation."); *Silver v. Townstone Fin., Inc.*, No. 14-CV-1938, 2015 WL 1259507, *2 (N.D. Ill. Mar. 17, 2015) ("[Plaintiff] merely allege[d] that '[t]hroughout the relevant period, [he] worked in excess of 40 hours per week, but was not paid an overtime premium of 1 1/2 times his regular hourly rate for those additional hours.' This allegation alone is nothing more than a threadbare recital of the elements of a cause of action, which is insufficient to state a claim.") (internal citations omitted); *Kwan Bom Cho v. GCR Corp.*, No. 12 C 4562, 2013 WL 675066, *2 (N.D. Ill. Feb. 22, 2013) ("Plaintiffs do not allege any supporting facts—such as when they worked for Defendants, what they did for Defendants, how many hours they worked, or what, if anything, they were paid. . . . The lack of factual detail in their complaint at this time renders it 'so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'") (internal citations omitted); *and Wilson v. Pioneer Concepts Inc.,* No. 11 C 2353, 2011 WL 3950892 (N.D. Ill. Sept.1, 2011) (dismissing FLSA claim based on allegations that the plaintiff and other unidentified employees worked an unidentified number of extra hours and worked overtime without compensation).

Similarly here, Plaintiffs do not allege with any specificity when they allegedly worked for Defendants, when they worked overtime for which they were not compensated, their rate of pay, the amount of unpaid overtime wages due, or any facts supporting their claim that Defendants' alleged actions were willful. Instead, Plaintiffs alleged only that they were employed by Defendants "at all times relevant" and in the "prior three years." (Complaint at ¶¶ 4, 10). Plaintiffs then claim that "in one or more individual work weeks, Plaintiffs and all those similarly situated worked in excess of forty (40) hours per week" and that they "routinely worked in excess of eight hour days to do the installations and in excess of 40 hours a week." (Complaint at ¶¶ 25, 27). Plaintiffs further alleged that "Defendants failed to pay Plaintiffs and all those similarly situated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs and all those similarly situated were paid at a 'piece work' rate and were paid a flat rate for each fence installation." Plaintiffs additionally alleged that unidentified "other non-exempt hourly employees" were "not compensated at the proper minimum wage or when they routinely worked overtime, a rate of one and one-half times their regular hourly rate of pay for all work done." (Complaint at ¶31).

Plaintiffs' Complaint is devoid of any specific allegations identifying when they worked for Defendants, what they did for Defendants, how many hours they worked, when they worked more than 40 hours in a workweek, the amount of unpaid overtime they are allegedly owed, or what, if anything, they were paid. Plaintiffs' Complaint included only a formulaic recitation of the elements of the FSLA and IMWL claims and is insufficient to state a claim. The Complaint should be dismissed.

WHEREFORE, Defendants Personnel Staffing Group, LLC, Daniel S. Barnett, and David Barnett respectfully request this honorable Court grant their Motion to Dismiss the Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the Complaint in its entirety, and for such other and further relief as this Court deems proper.

Dated: May 26, 2017 	Respectfully submitted,

        PERSONNEL STAFFING GROUP, LLC,
        DANIEL S. BARNETT, AND DAVID BARNETT

        By: /s/ Michele D. Dougherty

Elliot Richardson
Carter A. Korey
Michele D. Dougherty
KOREY RICHARDSON LLC
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Phone: (312) 372-7075

*Attorneys for Defendants Personnel Staffing Group, LLC, Daniel S. Barnett, and David Barnett*