IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMAN HAACK, CODY CLAY, and RYAN BANTA, and all other employees similarly situated, known and unknown,<br>　　　　　　　　Plaintiff<br><br>vs.<br>PERSONNEL STAFFING GROUP, LLC,<br>DANIEL S. BARNETT, individually,<br>DAVID BARNETT, individually,<br>NORTHERN ILLINOIS FENCE,<br>dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI", COMPLETE FENCE (formerly Fox Valley Fence) dba CNI,<br>U.S. INSTALLERS dba NORTHERN ILLINOIS FENCE, and RAYMOND HOHE, individually,<br><br>　　　　　　　　Defendant | Case No. 17-cv-02854<br><br>Judge Ronald A. Guzman |

## ANSWER TO COMPLAINT

NOW COMES the Defendants, NORTHERN ILLINOIS FENCE d/b/a COMPLETE NORTHERN FENCE OR "CNI", COMPLETE FENCE d/b/a CNI, U.S. INSTALLERS d/b/a NORTHERN ILLINOIS FENCE and RAYMOND HOHE (collectively "Defendants"), by and through and its attorneys of the Miller Law Firm, P.C., and for its' Answer to the Complaint at Law, filed by the Plaintiff, ROMAN HAACK, CODY CLAY and RYAN BANTA (collectively "Plaintiffs") respectfully states as follows:

1.　　This lawsuit arises under the FLSA and the IMWL, for the Defendants' failure to pay overtime pay to the Plaintiffs and all those similarly situated, known and unknown for all time they worked in excess of forty (40) hours in one or more individual workweeks.

**ANSWER: Defendants admit only that Plaintiffs have filed the instant lawsuit on behalf of themselves and purport to bring the instant lawsuit on behalf of a class of other individuals, as alleged in Paragraph 1 of the Complaint. Defendants deny the remaining**

allegations contained in Paragraph 1 of the Complaint.

2. Plaintiffs consent form to bring this case as a collective action for failure to pay overtime pay under the FLSA is attached hereto as Exhibits A-C.

**ANSWER: Defendants admit only that Exhibits A-C are attached to the Complaint and deny the remaining allegations contained in Paragraph 2 of the Complain.**

3. As Plaintiffs bring this action both under the FLSA and the IMWL, they bring this action and seek to have this action certified as both a collective action under 29 U.S.C. §216(b) and as a class action under Rule 23 (a) and (b).

**ANSWER: Defendants admit only that Plaintiffs have filed the instant lawsuit on behalf of themselves and purport to bring the instant lawsuit on behalf of a class of other individuals, as alleged in Paragraph 3 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.**

4. Plaintiffs and all those similarly situated at all times relevant were employed in this jurisdictional district by the Defendants.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore deny the allegations contained in Paragraph 4 of the Complaint.**

5. Defendants NORTHERN ILLINOIS FENCE and RAYMOND HOHE, through a series of subterfuges involving the other Defendants, moves employees around and attributes them as employees of COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, and U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE.

**ANSWER: Defendants deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.**

6. The mechanism that enables him to do this is that he runs his payroll through and treats his employees as employees of Defendant Personnel Staffing Inc. ("Personnel").

**ANSWER**: **Defendants deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.**

7. Defendant Personnel is located in and has its headquarters in Northbrook, IL.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore deny the allegations contained in Paragraph 7 of the Complaint.**

8. Defendant Personnel is in law and in fact the alter-ego of and or the joint employer or single employing enterprise of the Plaintiffs and all others similarly situated to the Plaintiffs, known and unknown, with the other Defendants of the Plaintiffs with the other Defendants.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore deny the allegations contained in Paragraph 8 of the Complaint.**

9. The Defendants collectively are in law and in fact a single or joint employer, and or alter-egos, and constitute a single employing enterprise with Personnel at its head.

**ANSWER**: **Defendants deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.**

10. In the prior three years, the Plaintiffs and all those similarly situated were employed by the Defendants as "employee[s]" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

**ANSWER: The allegations contained in Paragraph 10 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.**

11. Defendants were Plaintiffs' and all those similarly situated "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

**ANSWER: The allegations contained in Paragraph 11 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.**

12. Defendant Personnel is an Illinois corporation with its principal place of business located at 1751 Lake Cook Road, Suite 600 Deerfield, IL 60015, within this judicial district.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore deny the allegations contained in Paragraph 12 of the Complaint.**

13. The Defendants individually and or collectively are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

**ANSWER: The allegations contained in Paragraph 13 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 13 of the Complaint.**

14. During the course of their employment by Defendants, Plaintiffs and all those similarly situated handled goods that moved in interstate commerce.

**ANSWER: The allegations contained in Paragraph 14 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.**

15. Defendant, Daniel S. Barnett is the owner, managing members, controlling shareholders, controlling partners and the bosses of a web of corporate enterprises all related and interrelated to Personnel Staffing LLC, as follows:

(a) Daniel S. Barnett is the owner, and managing member of Personnel Staffing LLC,

17. Both Barnett's as owners of Personnel and as joint employers and alter-egos of NORTHERN ILLINOIS FENCE, dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE (here the "Fence Defendants"), were involved with the Fence Defendant and Defendant Raymond Hohe ("Hohe") and his staff and were involved in the day to day business operation of the Fence Defendants and, among other things, were involved in the hiring and firing decisions regarding employees, signed or directed payroll accounts regarding Fence Defendant employees, and helped make joint decisions in concert with the Fence Defendants regarding who was put on the Fence Defendants payroll who was taken off the Fence Defendants payroll, who was paid as an independent contractor, who to paid as "piecework" employees, they participated in decisions with the Fence Defendants regarding employee compensation and whether union fringe benefits were paid on the Fence Defendant employees.

**ANSWER: Defendants deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.**

18. Defendant Hohe is an owner and shareholder of the Fence Defendants.

**ANSWER: The allegations contained in Paragraph 18 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.**

19. Hohe is involved in the day to day business operation of the Fence Defendants and, among other things, he hires and fires employees, directs and supervises the work of employees, signs on the corporations' checking accounts, in concert with Defendant Personnel they make decisions together regarding who to put on the payroll who to take off the payroll on the Fence Defendant, who to pay as an independent contractor, who to pay as "piecework" employees of the Fence Defendants, signs contracts with the unions, resolves union audits, and participates in decisions regarding employee compensation and capital expenditures and whether to pay union benefits on employees at the Fence Defendants.

**ANSWER: Defendants deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.**

20. During the course of their employment by the Defendants, Plaintiffs and all those similarly situated were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq.* or the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*

        through Sperling Management Group LLC which has direct ownership in Personnel Staffing

(b)     Associated Venture Group, LLC, owns and controls Sperling Management Group, LLC

(c)     Daniel S. Barnett has direct ownership interest in Sperling Management Group LLC

(d)     Daniel S. Barnett also owns and controls both Associated Venture Group LLC, which has direct ownership interest in Sperling Management Group LLC.

(e)     Daniel S. Barnett also has controlling interest in MVP Workforce LLC

(f)     Daniel S. Barnett also has controlling interest in Alliance HR, LLC

(g)     Daniel S. Barnett also has controlling interest in Alliance HR II, LLC

(h)     Daniel S. Barnet also has controlling interest in Titan HR Solutions, LLC

(i)     Daniel S. Barnett also has controlling interest in Allsource Personnel Group LLC

(j)     Daniel S. Barnett also has controlling interest in Adirhu LLC

(k)     Adirhu has ownership interest directly in Personnel Staffing LLC

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore deny the allegations contained in Paragraph 15 of the Complaint.**

16.     David Barrett has ownership in Personnel Staffing LLC through the following:

(a)     David Barrett has ownership interest in Dash Management Inc.

(b)     He also has ownership in Alban LLC

(c)     Alban LLC has direct ownership in Sperling Management LLC

(d)     Sperling Management LLC has direct ownership in Personnel Staffing LLC.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore deny the allegations contained in Paragraph 16 of the Complaint.**

**ANSWER: The allegations contained in Paragraph 20 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.**

21. They were, in fact, mostly if not all union employees covered by a collective bargaining agreement signed by the Fence Defendants and therefore by definition non-exempt.

**ANSWER: The allegations contained in Paragraph 21 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.**

## JURISDICTION AND VENUE

22. This Court has jurisdiction over Plaintiffs and all those similarly situated FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs and all those similarly situated claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs and all those similarly situated state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER: The allegations contained in Paragraph 22 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.**

## COUNT I

### Violation of the Fair Labor Standards Act — Overtime Wages

Plaintiffs and all those similarly situated hereby re-allege and incorporates paragraphs 1 through 22, as if fully set forth herein.

**ANSWER: Defendants restate and incorporate by reference its answers to**

Paragraphs 1 through 22 of Plaintiff's Complaint as if fully set forth herein.

23. This count arises from Defendants' violation of the FLSA, in failing to pay overtime wages to the Plaintiffs, all those similarly situated, and other hourly employees past and present for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER: The allegations contained in Paragraph 23 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint.**

24. Pursuant to 29 U.S.C. § 207, Plaintiffs and all those similarly situated were entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER: The allegations contained in Paragraph 24 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint.**

25. In one or more individual work weeks, Plaintiffs and all those similarly situated worked in excess of forty (40) hours per week.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore deny the allegations contained in Paragraph 25 of the Complaint.**

26. It was the Fence Defendants pattern to make the Plaintiffs and all those similarly situated install fences as union installers and then run their payroll through Defendant Personnel and pay them for "piece work," claiming that each fence installed was a "piece," regardless of how many hours they worked to install the fences.

**ANSWER: Defendants deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint.**

27. This not only violated the union contract but also clearly violated both the FLSA and the IMWL as they routinely worked in excess of eight hour days to do the installations and in excess of 40 hours a week.

**ANSWER: Defendants deny the allegations contained in Paragraph 27 of the Plaintiff's Complaint.**

28. When Plaintiffs and all those similarly situated worked over forty (40) hours in one or more individual work weeks, Defendants failed to pay Plaintiffs and all those similarly situated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs and all those similarly situated were paid at a "piece work" rate and were paid a flat rate for each fence installation.

**ANSWER: Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.**

29. In one or more individual work weeks, all other non-exempt hourly employees who worked on fence installations employed by Defendants worked in excess of forty (40) hours per week as well and were similarly paid at piece work rates.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore deny the allegations contained in Paragraph 29 of the Complaint.**

30. Pursuant to 29 U.S.C. § 207, other similarly situated hourly employees were entitled to be compensated proper hourly rates and when they worked overtime, a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER: The allegations contained in Paragraph 30 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.**

31. In one or more individual work weeks, Defendants did not compensate other nonexempt hourly employees at the proper minimum wage or when they routinely worked overtime, a rate of one and one-half times their regular hourly rate of pay for all work done.

**ANSWER**: Defendants deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. At all times relevant, the Plaintiffs were union members and belonged to the Iron Workers Locals, 393 and 63.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore deny the allegations contained in Paragraph 32 of the Complaint.**

33. Pursuant to collective bargaining the various Union Ironworkers locals where this work is done have agreed to reciprocate with each other on fringe benefit funds and all pay into the Ironworkers Mid-America Pension and Welfare SMA Fund.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore deny the allegations contained in Paragraph 33 of the Complaint.**

34. This fund takes contributions from Ironworkers Locals 1, 63, 111, 112, 136, 383, 393, 395, 444, and 495.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore deny the allegations contained in Paragraph 34 of the Complaint.**

35. At all times relevant the named Plaintiffs herein and it is believe that most if not all of those similarly situated were union Ironworkers and were members of the Ironworkers union.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore deny the allegations contained in Paragraph 35 of the Complaint.**

36. The union fringe benefit funds have conducted audits of the Fence Defendants and have verified amounts that the Fence Defendants have not paid in proper wages, but only have collected the fringe benefits due, not wages due.

**ANSWER**:  **Defendants deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint.**

37. Despite all of the Defendants knowing that they have collectively violated wage and hour rules and that they owe unpaid wages and overtime, they have not paid these amounts and have in fact continued to violate the law.

**ANSWER**:  **Defendants deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint.**

38. When Plaintiffs and all those similarly situated worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiffs and all those similarly situated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs and all those similarly situated were paid his straight-time regular rate of pay for all time worked.

**ANSWER**:  **Defendants deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint.**

## COUNT II
### Violation of the Illinois Minimum Wage Law — Overtime Wages

Plaintiffs and all those similarly situated hereby re-allege and incorporates paragraphs 1 through 38, as if fully set forth herein.

**ANSWER: Defendants restate and incorporate by reference its answers to Paragraphs 1 through 38 of Plaintiff's Complaint as if fully set forth herein.**

39. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

**ANSWER: The allegations contained in Paragraph 39 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.**

40. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 1LCS I05/4a.

**ANSWER: The allegations contained in Paragraph 40 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.**

41. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs and all those similarly situated were not paid proper minimum wages and worked in excess of forty (40) hours, Plaintiffs and all those similarly situated are entitled to be compensated at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

**ANSWER: The allegations contained in Paragraph 41 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 41 of the Complaint.**

42. Pursuant to 820 ILCS 105/12(a), Plaintiffs and all those similarly situated are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

**ANSWER: The allegations contained in Paragraph 42 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 42 of the Complaint.**

WHEREFORE, NORTHERN ILLINOIS FENCE d/b/a COMPLETE NORTHERN FENCE OR "CNI", COMPLETE FENCE d/b/a CNI, U.S. INSTALLERS d/b/a NORTHERN ILLINOIS FENCE and RAYMOND HOHE respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorney's fees and such other relief as this Court may deem just and appropriate.

                                            Respectfully submitted,

Dated: June 9, 2017

                                            By: /s/Richard J. Miller
                                                 One of Its Attorneys

                                            Richard J. Miller
                                            Miller Law Firm, P.C.
                                            1051 Perimeter Drive, Suite 400
                                            Schaumburg, IL 60173
                                            ARDC #6294472
                                            *Counsel for Defendants.*

## **CERTIFICATE OF SERVICE**

I, Richard J. Miller, an attorney, certify that I served the foregoing DEFENDANTS, NORTHERN ILLINOIS FENCE d/b/a COMPLETE NORTHERN FENCE OR "CNI", COMPLETE FENCE d/b/a CNI, U.S. INSTALLERS d/b/a NORTHERN ILLINOIS FENCE and RAYMOND HOHE, *Answer to Plaintiff's Complaint* by the Court's CM/ECF filing system, which in turn caused a true and correct copy of the same to be served upon the following:

L. Steven Platt
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle, Suite 3300
Chicago, IL 60601

Law Offices of William J. Provenzano & Associates, Ltd.
1580 S. Milwaukee Avenue, Suite 530
Libertyville, IL 60048

                                                 s/ Richard J. Miller
                                                 Counsel for Defendants