IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROMAN HAACK, CODY CLAY, and RYAN BANTA, and all other employees similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | Case No. 17-cv-02854 |
| PERSONNEL STAFFING GROUP, LLC, DANIEL S. BARNETT, individually, DAVID BARNETT, individually, NORTHERN ILLINOIS FENCE, dba COMPLETE NORTHERN ILLINOIS FENCE or "CNI," COMPLETE FENCE (formerly Fox Valley Fence) dba CNI, U.S. INSTALLERS, dba NORTHERN ILLINOIS FENCE, and RAYMOND HOHE, individually | ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzman |
| Defendants. | ) | |

**DEFENDANTS PERSONNEL STAFFING GROUP, LLC,
DANIEL S. BARNETT, AND DAVID BARNETT'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO RULE 12(b)(6)**

NOW COME Defendants, PERSONNEL STAFFING GROUP, LLC, DANIEL S. BARNETT, individually, and DAVID BARNETT, individually, by and through their undersigned counsel, and for their Reply in support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**I.  Defendants' Motion is not Mooted by co-Defendants' Answering the Complaint.**

In their Response, Plaintiffs attempt to make much of the fact that the Fence Defendants filed an Answer to the Complaint, while Movants filed a Motion to Dismiss. Plaintiffs claim that this "essentially moots out" any argument other than that directed at whether all Defendants were joint employers of Plaintiffs. (Response at 5). This is simply incorrect.

1

Plaintiffs have not cited to any authority in support of this position. In fact, case law does not hold that the filing of an answer by one defendant moots a motion to dismiss by another defendant. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011) (Once an Answer has been filed, the appropriate response to a motion dismiss is a responsive brief, not a motion for leave to amend. Plaintiff may "risk abandoning the litigation" if he does not appropriately oppose the motion to dismiss.). *See also Turley v. Rednour*, No. 11-cv-1052, 2012 WL 12952613, *3 (S.D. Ill. Nov. 13, 2012) ("The Court grants Defendants leave to either file a new motion to dismiss or an Answer to the claims as they are stated in the Amended Complaint. Should Defendants file a new motion to dismiss, the Court informs Plaintiff that he cannot simply respond to the motion by filing another motion to amend complaint. *[ ]* Given that an Answer has been filed in this case by several Defendants, Plaintiff's proper course of action should any other Defendants file a motion to dismiss is to file a responsive brief.")

Defendant's motion, therefore, is not mooted by the Fence Defendants' having answered the complaint. For the reasons set forth below, the Motion to Dismiss should be granted.

## II. Plaintiffs have failed to state a claim under the FLSA and IMWL for failure to pay wages.

Plaintiffs next claim they have adequately pled their statutory claims, relying on *Doe v. Smith*, 429 F.3d 706 (7th Cir. 2005), and *Vincent v. City Colleges of Chicago*, 485 F.3d 919 (7th Cir. 2007). (Response at 6). Both of those decisions, however, were made prior to the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009). In fact, the Supreme Court's decision in *Twombly* came down just weeks after the 7th Circuit's opinion in *Vincent*, which had cited to *Smith*.

In *Vincent*, the 7th Circuit expressed its frustration over the District Courts' failure to apply the correct standard, as set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), in ruling upon motions

to dismiss under Rule 12(b)(6). 485 F.3d at 923. However, in *Twombly*, the Supreme Court nullified that standard and stated that Rule 8 requires plaintiffs to "state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 570, 555.

Plaintiffs' Complaint fails to contain sufficient facts to demonstrate at least one workweek within the limitations period in which there was an overtime violation. Plaintiffs take issue with Defendants' citations to District Court decisions. However, as recognized by the *Midlock v. Apple Vacations West, Inc.* case cited by Plaintiffs, although not precedential, a "wise, well-reasoned decision" by a District Court may "persuade[] by the quality of its reasoning." 406 F. 3d 453, 457-58 (7th Cir. 2005). It is Defendants' position that the decisions cited in its motion are such "wise, well-reasoned" decisions as to what is necessary to sufficiently state a claim for FLSA and IMWL violations.

The cases cited by Plaintiffs, tellingly, do not contain any decisions by this District or the 7th Circuit, with the exception of *Smith*, discussed above, and *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008). While it is true that *Tamayo* addressed the pleading standards following the ruling in *Twombly*, the Court merely found that the complaint at issue in that case adequately stated a claim of sex discrimination. 526 F. 3d at 1085, *citing EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007) (reaffirming the minimal pleading standard for simple claims of race or sex discrimination).

Plaintiffs' Complaint is devoid of any specific allegations identifying when they worked for Defendants, what they did for Defendants, how many hours they worked, when they worked more than 40 hours in a workweek, the amount of unpaid overtime they are allegedly owed, or

what, if anything, they were paid. Plaintiffs' Complaint included only a formulaic recitation of the elements of the FSLA and IMWL claims and is insufficient to state a claim.

In addition, as Plaintiffs have failed to sufficiently allege their individual claims, they have likewise failed to adequately allege their alleged class and collective action claims. The Complaint should be dismissed in its entirety.

WHEREFORE, Defendants Personnel Staffing Group, LLC, Daniel S. Barnett, and David Barnett respectfully request this honorable Court grant their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the Complaint in its entirety, and for such other and further relief as this Court deems proper.

Dated: August 21, 2017

Respectfully submitted,

PERSONNEL STAFFING GROUP, LLC,
DANIEL S. BARNETT, AND DAVID BARNETT

By:_/s/__Michele D. Dougherty_____

Elliot Richardson
Carter A. Korey
Michele D. Dougherty
KOREY RICHARDSON LLC
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Phone: (312) 372-7075

*Attorneys for Defendants Personnel Staffing Group, LLC, Daniel S. Barnett, and David Barnett*