# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROMAN HAACK, CODY CLAY, and RYAN BANTA, and all other employees similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| NORTHERN ILLINOIS FENCE, COMPLETE FENCE, U.S. INSTALLERS, and RAYMOND HOHE, | ) ) ) ) |
| Defendants. | ) |

No. 17 CV 2854

Judge Ronald A. Guzmán

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, plaintiffs' motion for certification of a collective action under the Fair Labor Standards Act and a class action under Federal Rule of Civil Procedure 23 is denied, and defendants' motion to decertify the conditional FLSA collective is granted.

## BACKGROUND

Roman Haack, Cody Clay, and Ryan Banta brought this action against Northern Illinois Fence, Complete Fence, U.S. Installers, and Raymond Hohe under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), to recover allegedly unpaid regular and overtime wages on behalf of themselves and similarly-situated individuals. Plaintiffs, who were formerly employed by one or more of the defendants as fence installers, allege that Hohe is an "owner and shareholder" of the other defendants and "moves employees around and attributes them" variously as employees of those entities. (ECF No. 1, Compl. ¶¶ 5, 18.) Plaintiffs now represent that they have ascertained in

discovery that their claims are "against two employers [plaintiffs] allege were and are operated as one: Northern Illinois Fence (NIF) also known as 'Complete Fence Inc,' and Complete Fence Inc. (also referred to as 'Complete' and 'Complete Fence.')." (ECF No. 107-1, Pls.' Mem. Supp. Mot. at 2 (footnote omitted).) According to plaintiffs, while Northern Illinois Fence and Complete Fence are two separate legal entities, they are known in the industry as a single entity called "Complete Northern Illinois Fence" and share email addresses registered to the same domain name, CNIfence.com. (*Id.* at 3.)

Specifically, plaintiffs assert that they were misclassified as piece workers and were paid by the job instead of by the hour; they were not paid at union scale, as they were promised; after they reported their hours to defendants, defendants "altered [them] downward"; they were not paid for travel time, working through lunch, or work they did prior to arriving at job sites; and they were not paid overtime. (ECF No. 107, Pls.' New Mot. Certify at 2-6.)

In November 2017, plaintiffs moved for conditional certification of an FLSA collective action (to which the Court will refer for simplicity's sake as an "FLSA class") consisting of "[a]ll individuals who were employed by, or who are currently employed by, one or more of the Defendants named in this action, who have performed work as a fence installer of either commercial or residential fences, at any time during the five-year period of [April 2014 to the date of the notice]." (Pls.' New Mot. Certify at 6; ECF No. 71, Ex. 1, Pls.' Mot. Conditionally Certify FLSA Collective Action at 4.) Defendants did not object to conditional certification, and the Court granted plaintiffs' motion. It appears that plaintiffs sent notices of the action to approximately 39 potential members of the class pursuant to 29 U.S.C. § 216(b). (ECF No. 79-2.) Nine of those recipients opted to join the FLSA class.

Before the Court is plaintiffs' motion for certification of the FLSA class under 29 U.S.C. § 216(b) and for certification of their IMWL claim as a class action under Federal Rule of Civil Procedure 23.[1] Defendants oppose certification of a Rule 23 class and move to decertify the FLSA class.

**DISCUSSION**

**A.     Legal Standards**

The FLSA gives employees the right to bring their FLSA claims through a "collective action" on behalf of themselves and similarly-situated employees. *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010). Collective actions under the FLSA "require would-be members of the collectivity to opt in to (i.e., voluntarily join) the class." *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 860 F.3d 918, 920 (7th Cir. 2017). In this district, FLSA collective actions generally proceed under a two-step process. *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017). First, the court considers whether to conditionally certify a class; to obtain this treatment, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Gomez v. PNC Bank, Nat'l Ass'n*, 306 F.R.D. 156, 173 (N.D. Ill. 2014). If the plaintiff meets this burden, the court conditionally certifies the FLSA class and allows the plaintiff to send notice of the case to employees who may be similarly situated and who may then opt in as plaintiffs. *Nicks*, 265 F. Supp. 3d at 849. This case is at the second step, which occurs after the opt-in and discovery process is complete; now the court reevaluates certification using a more stringent standard to determine whether there is sufficient similarity between the named and

---

[1]Plaintiffs do not provide a proposed definition of a Rule 23 class (nor do they propose any subclasses). The Court presumes that it is the same as the proposed FLSA class.

opt-in plaintiffs to allow the matter to proceed to trial on a collective basis. *See id.* Plaintiffs bear the burden of demonstrating similarity beyond simply claiming that the FLSA was violated. *Solsol v. Scrub, Inc.*, No. 13 CV 7652, 2017 WL 2285822, at *2-3 (N.D. Ill. May 23, 2017). They must show an identifiable factual nexus that binds the plaintiffs together as victims of a particular violation of the FLSA. *Id.* at *2.

As for the proposed Rule 23 class, to be certified, it must satisfy each requirement of Rule 23(a) as well as one of the three requirements of Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). The Rule 23(a) requirements are numerosity, typicality, commonality, and adequacy of representation. *Id.* After those four requirements are satisfied, proponents of the class seeking certification under Rule 23(b)(3)—the provision on which plaintiffs rely here—must also show that (1) questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) a class action is superior to other available methods of resolving the dispute. *Id.* Plaintiffs bear the burden of showing by a preponderance of the evidence that a proposed class satisfies the Rule 23 requirements. *See id.* Case law has "largely merged the standards" for certifying Rule 23 class actions and FLSA collective actions. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013).

**B.** **Analysis**

The quality of the parties' briefs leaves much to be desired. Both sides present only the most cursory analyses. Defendants contend that the named and opt-in plaintiffs are not similarly situated, but their analysis is superficial. They point out that plaintiff Roman Haack was a foreman and sometimes kept track of other employees' hours, and they argue solely from those facts that Haack must have performed job duties different from the other plaintiffs. Defendants

4

also note that some plaintiffs were union members and some were not, without explaining the upshot of that distinction in the context of plaintiffs' motion. But the cursory nature of defendants' brief appears to be driven by the similar nature of plaintiffs' submissions, which are woefully lacking—and it is plaintiffs, not defendants, who have the burden of establishing whether class treatment is appropriate here. Plaintiffs' memorandum in support of their motion contains such arguments as "[t]he men were never paid right" (what "right" means is not entirely clear) and "Haack and others were not paid for missing lunch" (who are the "others"?). (Pls.' Mem. Supp. Mot. at 6, 7.) Plaintiffs even state:

> There are nine (9) opt-in Plaintiffs in this case. We will not go into details about all of them because they are claiming the same things the Plaintiffs are. Only a few of them will be discussed.
> There have been nine (9) individuals who have filed consents to opt in to this action as added Plaintiffs under the FLSA. All of them except one (1) were hourly fence installers. One was a member of the laborer's union. One was a shop worker. The rest were all non-union fence installers whose circumstances and stories are like the stories and experiences of the named Plaintiffs in this case.

(*Id.* at 9-10.) Plaintiffs proceed to discuss facts pertaining to four opt-in plaintiffs, without citing any evidence (and the Court cannot determine from where the facts are derived). As to the remaining five opt-ins, plaintiffs simply state, "The other opt-ins all have the same or similar complaints as the Plaintiffs do." (*Id.* at 12.) In another section of their memorandum, plaintiffs state that "[d]iscovery has demonstrated the following facts" and then list various allegations of their complaint instead of citing evidence. (*Id.* at 15-17.) But they cannot simply rely on their allegations to show that a classwide proceeding is apt to generate common answers to common questions. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Quite obviously, the mere claim by employees of the same company that they have suffered [a

5

particular] injury . . . gives no cause to believe that all their claims can productively be litigated at once.").

In their reply brief, plaintiffs contend that it is undisputed that "all the Plaintiffs and all the opt-ins with possibly the exception of the warehouse worker" (to whom plaintiffs do not refer by name) "worked for both companies doing fence installations." (ECF No. 117, Pls.' Reply at 4.)[2] Plaintiffs seem to believe that that is the extent of the required analysis; as to whether they were subject to company-wide practices that potentially violate wage laws, they repeat the mantra that all of the plaintiffs "complain about the same thing" but fail to even attempt to make such a showing. Plaintiffs are not simply alleging that they were not paid overtime; they have several complaints. They assert in a conclusory fashion that they were "supposed to be paid journeyman's wages" and that, to their knowledge or belief, "others" working "there" were not paid the "correct wage rate." (ECF No. 117-1, Decl. of Roman Haack ¶¶ 7, 24; ECF No. 117-2, Decl. of Ryan Banta ¶¶ 9, 18; ECF No. 117-3, Decl. of Cody Clay ¶¶ 7, 22.) For that proposition and for the proposition that fence installers generally were not paid overtime, they rely only their own conclusory statements, which are insufficient to show a standardized practice. They also assert that they were all affected by defendant Raymond Hohe's "insistence that they not be paid by the hour," but for "piece work"—in other words, a lump sum per job. (Pls.' Reply at 5-6.) Plaintiffs state in their declarations that Hohe was "persistent in asking [them] to work on a lump sum basis," so they "suspect" the same was true of other employees, and they cite Hohe's deposition testimony that defendants implemented a "short-lived" pay policy, which affected Haack, to pay "just a dollar amount instead of hours"

---

[2]Plaintiffs fail to address in any detail the distinction between Northern Illinois Fence and Complete Fence in terms of which employees worked for which entity or entities at what time.

for certain jobs. (Haack Decl. ¶ 28; Banta Decl. ¶ 26; Clay Decl. ¶ 26; ECF No. 117-7, Dep. of Raymond Hohe at 49-50.) This evidence is not competent to demonstrate a policy that was common to all of the proposed class members. Nor have plaintiffs made a showing of common treatment among themselves and the proposed class members with respect to their claims that they were not paid for working through lunch, for travel, or for work they performed prior to arriving at job sites, or that their reported hours were revised downward.

Plaintiffs have failed to demonstrate that there are common questions of law or fact that bind all of the plaintiffs together, let alone that common questions predominate over individual issues. The Court concludes that this case cannot proceed as an FLSA collective action or as a Rule 23 class action.

## CONCLUSION

The Court denies plaintiffs' motion to certify an FLSA collective action and a Rule 23 IMWL class action [107] and grants defendants' motion to decertify the FLSA collective action.

**DATE**: April 2, 2019

*Ronald A. Guzmán*
_____
**Ronald A. Guzmán**
**United States District Judge**